## MEDTRONIC, INC., Plaintiff–Appellant,

v.

## BOSTON SCIENTIFIC CORPORATION and Scimed Life Systems, Inc., Defendants–Appellees.

### No. 00–1227.

United States Court of Appeals,
Federal Circuit.

April 23, 2001.

Michael V. Ciresi, Robins, Kaplan, Miller & Ciresi, L.L.P., of Minneapolis, MN, argued for plaintiff-appellant. With him on the brief were Thomas L. Hamlin, John N. Love, Jan M. Conlin, Tara D. Sutton, Katie Crosby Lehmann. Of Counsel was Davis S. Toepfer. Richard S. Gresalfi, Kenyon & Kenyon, of New York, NY, argued for defendant-appellee. With him on the brief were Charles R. Brainard and William M. Merone.

Before MICHEL, LINN, and DYK, Circuit Judges.

LINN, Circuit Judge.

Medtronic, Inc. ("Medtronic") seeks review of a judgment of non-infringement of claims 1–2, 6, 8–9, 11–12, 15, 17, and 19–20 of U.S. Patent No. 5,653,727 ("'727 patent") from the District Court for the District of Minnesota. *Medtronic, Inc. v. Boston Scientific Corp.*, No. 99–CV–752 JMR/FLN (Minn. Feb. 18, 2000). The district court rendered a construction of the relevant claim limitations by incorporating into the present case, at the parties' request, its claim construction from the related case of *Medtronic, Inc. v. Advanced Cardiovascular Systems, Inc.*, No. 97–CV–2459 (JMR/FLN) (Minn. Jan. 12, 2000). The district court then entered the judgment, again at the parties' request, after the parties stipulated that there could no infringement based on that claim construction. Medtronic appeals that judgment, challenging the claim construction. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

Our decision in the appeal of the related case upheld the district court's claim construction of the means-plus-function limitation in claim 11 of the '727 patent: "means for connecting adjacent elements together." *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, at 21 (Fed. Cir.2001) ("*Medtronic 1*"); '727 patent, col. 8, I. 54. We construed that limi-

tation as covering only the helical winding, disclosed in the '727 patent, and its equivalents. *Medtronic 1,* slip op. at 12, 21. The parties' stipulation in the present case states, in relevant part, that the accused device "does not contain 'adjacent elements ... connected together by means of helical winding' or any equivalent structure thereof." The parties agree, as they must, that the construction of the means-plus-function limitation in claim 11 is dispositive in the present case.

Given our claim construction in *Medtronic 1,* and the parties' stipulation in this case, we *affirm* the district court's judgment of non-infringement.